UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| MASONRY SECURITY PLAN OF WASHINGTON; BAC LOCAL NO. 1 PENSION TRUST; BRICKLAYERS AND TROWEL TRADES INTERNATIONAL PENSION FUND; and INDEPENDENT CONTRACTORS AND BRICKLAYERS AND ALLIED CRAFTWORKERS LOCAL NO. 1 APPRENTICE TRAINING TRUST,<br><br>Plaintiffs,<br>v.<br><br>ALPINE WATERPROOFING & MASONRY RESTORATION, LLC, a Washington limited liability company,<br><br>Defendant. | Case No. 2:20-cv-01608<br><br>COMPLAINT FOR MONETARY DAMAGES |

# I. **PARTIES**

1.1     Plaintiff Masonry Security Plan of Washington ("Masonry Health Trust") is a Taft-Hartley trust fund established to provide one or more employee welfare benefit plans for the participating employees on whose behalf contributions have been paid. The Masonry Health Trust maintains its principal office in Seattle, King County, Washington.

COMPLAINT FOR MONETARY DAMAGES – 1
2:20-cv-01608

BARLOW COUGHRAN
MORALES & JOSEPHSON, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

1.2     Plaintiff BAC Local No. 1 Pension Trust ("Masonry Pension Trust") is a Taft-Hartley trust fund established to provide one or more employee pension benefit plans for the participating employees on whose behalf contributions have been paid, and their beneficiaries. The Masonry Pension Trust maintains its principal office in Seattle, King County, Washington.

1.3     Plaintiff Bricklayers and Trowel Trades International Pension Fund ("BAC International Pension Trust") is a Taft-Hartley trust fund established to provide pension benefits for the participating employees on whose behalf contributions have been paid, and their beneficiaries. The BAC International Pension Trust maintains its principal office in Washington, District of Columbia.

1.4     Plaintiff Independent Contractors and Bricklayers and Allied Craftworkers Local No. 1 Apprentice Training Trust ("BAC Apprentice Trust") is a Taft-Hartley trust fund established to create and administer one or more apprenticeship and training plans. The BAC Training Trust maintains its principal office in Seattle, King County, Washington.

1.5     The Plaintiffs are commonly known as and referred to collectively as the Masonry Trust Funds.

1.6     Defendant Alpine Waterproofing & Masonry Restoration, LLC ("Alpine Waterproofing") is a Washington limited liability company with its principal office in Lake Stevens, Snohomish County, Washington. At times relevant, Alpine Waterproofing conducted business within this District.

## II. JURISDICTION AND VENUE

2.1     This Court has exclusive jurisdiction pursuant to §502(e)(1) of the Employee Retirement Income Security Act of 1974 ("ERISA"), codified at 29 U.S.C. §1132(e)(1).

COMPLAINT FOR MONETARY DAMAGES – 2
2:20-cv-01608

BARLOW COUGHRAN
MORALES & JOSEPHSON, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

2.2     Venue in this Court is proper pursuant to §502(e)(2) ERISA, codified at 29 U.S.C. §1132(e)(2), and pursuant to agreement between the parties.

### III. FACTS

3.1     On July 15, 2014, Daniel Durbin, identifying himself as "President" executed a Compliance Agreement on behalf of Alpine Waterproofing with the International Union of Bricklayers & Allied Craftworkers, Local 2 (the "Union"). The Compliance Agreement incorporates by reference the terms and conditions of two master labor agreements, (i) The Independent Masonry Contractors master labor agreement; and (ii) the Independent Residential Agreement (together, the "Master Labor Agreements"):

> The UNDERSIGNED EMPLOYER hereby agrees with the INTERNATIONAL UNION OF BRICKLAYERS & ALLIED CRAFTWORKERS UNION, LOCAL NO. 2 WA-ID-MT of the Pacific NW ADC that with respect to all of its employees, it will abide by all of the terms and conditions of the following principal agreement (and amendments thereto) and the terms and conditions of all successive principal agreements (and amendments thereto) as may be executed by the signatory parties.
>
> ☒ BRICKLAYERS, STONE MASONS, BLOCKLAYERS, POINTERS, CLEANERS AND CAULKERS, CHEMICAL WORKERS AND MARBLE MASONS, between International Union of Bricklayers & Allied Craftworkers local No. 2 WA-ID-MT of the Pacific NW ADC and INDEPENDENT MASONRY CONTRACTORS…
>
> ☒ Independent Residential Agreement.

3.2     By signing the Compliance Agreement, Alpine Waterproofing agreed to make fringe benefit contributions to the Masonry Trust Funds and be bound by the terms and conditions of their respective trust agreements:

> TRUST OBLIGATIONS REAFFIRMED: The undersigned employer agrees to make contributions to the applicable health and welfare trust fund, pension trust fund, training trust fund, and any other trust funds, as specified in the principal agreement, and does further agree to abide by all the terms and conditions of the trust agreements creating the respective trust funds, and any amendments heretofore or thereafter adopted. Further, the

COMPLAINT FOR MONETARY DAMAGES – 3
2:20-cv-01608

BARLOW COUGHRAN
MORALES & JOSEPHSON, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

employer does accept as its lawful representatives, the employer trustees who are now or may hereafter serve on the board of trustees of the respective trust funds.

3.3 The Masonry Trust Funds are beneficiaries under the terms of the Compliance Agreement and the Master Labor Agreements.

3.4 By executing the Compliance Agreement, as discussed above, Alpine Waterproofing agreed to the terms of the (i) Masonry Security Plan of Washington; (ii) BAC Local No. 1 Pension Trust; (iii) Bricklayers and Trowel Trades International Pension Fund; and (iv) Independent Contractors and Bricklayers and Allied Craftworkers Local No. 1 Apprentice Training Trust.

3.5 Alpine Waterproofing's obligations under the Masonry Health Trust are set forth in Article IX, Sections 1 – 9 of the *Trust Agreement Governing the Masonry Security Plan of Washington*, revised and restated effective March 15, 2012, and as amended. Under the Masonry Health Trust, Alpine Waterproofing agreed to, among other things:

- Submit its reports on or before the date specified in the underlying collective bargaining agreement (the 15th day of the calendar month following the month in which the contributions are payable);
- Comply with a request to submit any information, data, report or other documents reasonably relevant to and suitable for purposes of administration of the trust, including audits, as requested by the trust funds;
- Payment of liquidated damages of ten percent (10%) on all delinquent contributions, fifteen percent (15%) if suit is filed;
- Payment of interest of twelve percent (12%); and
- Payment of the trust fund's attorney fees, costs of collection, and auditor's fees.

3.6 Alpine Waterproofing's obligations under the Masonry Pension Trust are set forth in Article IX, Sections 1 – 9, and Amendment No. 6 of the *Trust Agreement Governing a Joint*

BARLOW COUGHRAN
MORALES & JOSEPHSON, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

*Labor-Management Employee Pension Benefit Trust Fund*, dated December 30, 1976, and as amended. Under the Masonry Pension Trust, Alpine Waterproofing agreed to, among other things:

- Submit its reports on or before the date specified in the underlying collective bargaining agreement (the 15th day of the calendar month following the month in which the contributions are payable);

- Comply with a request to submit any information, data, report or other documents reasonably relevant to and suitable for purposes of administration of the trust, including audits, as requested by the trust funds;

- Payment of liquidated damages of ten percent (10%) on all delinquent contributions, fifteen percent (15%) if suit is filed;

- Payment of interest of twelve percent (12%); and

- Payment of the trust fund's attorney fees, costs of collection, and auditor's fees.

3.7     Alpine Waterproofing's obligations under the BAC International Pension Trust are set forth in Article IV, Sections 4.1 – 4.6 of the *Restated Agreement and Declaration of Trust of the Bricklayers and Trowel Trades International Pension Fund*, effective December 31, 1988, and as amended. Under the BAC International Pension Trust, Alpine Waterproofing agreed to, among other things:

- Submit its reports on or before the date specified in the underlying collective bargaining agreement (the 15th day of the calendar month following the month in which the contributions are payable);

- Comply with a request to submit any information, data, report or other documents reasonably relevant to and suitable for purposes of administration of the trust, including audits, as requested by the trust funds;

- Payment of liquidated damages of twenty percent (20%) or an additional interest charge of fifteen percent (15%) on all delinquent contributions, whichever is higher;

- Payment of interest of fifteen percent (15%) on all delinquent contributions; and

- Payment of the trust fund's attorney fees, costs of collection, and auditor's fees.

COMPLAINT FOR MONETARY DAMAGES – 5
2:20-cv-01608

BARLOW COUGHRAN
MORALES & JOSEPHSON, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

3.8     Alpine Waterproofing's obligations under the BAC Apprentice Trust are set forth in Article IX, Sections 1 – 9 of the *Trust Agreement Governing the Independent Contractors and Bricklayers and Allied Craftworkers Local No. 1 Apprentice Training Trust*, dated May 1, 1997, and as amended. Under the BAC Apprentice Trust, Alpine Waterproofing agreed to, among other things:

- Submit its reports on or before the date specified in the underlying collective bargaining agreement (the 15th day of the calendar month following the month in which the contributions are payable);

- Comply with a request to submit any information, data, report or other documents reasonably relevant to and suitable for purposes of administration of the trust, including audits, as requested by the trust funds;

- Payment of liquidated damages of ten percent (10%) on all delinquent contributions, fifteen percent (15%) if suit is filed;

- Payment of interest of twelve percent (12%); and

- Payment of the trust fund's attorney fees, costs of collection, and auditor's fees.

3.9     Upon information and belief, following execution of the Compliance Agreement, Alpine Waterproofing used employees to perform work subject to the Master Labor Agreements. Alpine Waterproofing also began its monthly reporting and payment of fringe benefit contributions to the Masonry Trust Funds.

3.10    In 2019, Alpine Waterproofing was selected for a routine audit of its payroll and related business records to review whether it complied with its obligations to properly report and pay of fringe benefit contributions to the Masonry Trust Funds. The audit covered the period August 1, 2014 to present.

3.11    On June 10, 2019, the Masonry Trust Funds' auditor notified Alpine Waterproofing of its selection for an audit. Alpine Waterproofing's owner, Daniel Durbin, responded to the request, but never fully complied with the auditor's document requests.

COMPLAINT FOR MONETARY DAMAGES – 6
2:20-cv-01608

BARLOW COUGHRAN
MORALES & JOSEPHSON, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

3.12  Because Alpine Waterproofing did not fully respond to the auditor's document requests, this matter was referred to counsel on September 10, 2019.

3.13  On September 12, 2019, demand was made upon Alpine Waterproofing for payroll and related documents so that the auditor could finish the audit report. Following the demand, Alpine Waterproofing provided the remainder of the requested documents to the auditor.

3.14  On October 18, 2019, the auditor issued her report, concluding that Alpine Waterproofing owed the Masonry Trust Funds $4,824.83 in underreported/underpaid fringe benefit contributions for the period August 1, 2014 through June 30, 2019. The auditor also concluded that Alpine Waterproofing owed $482.48 in liquidated damages and $414.66 in accrued interest through the date of the audit report. That same day, the auditor forwarded the audit report to Alpine Waterproofing and requested payment.

3.15  When Alpine Waterproofing did not respond, this matter was again referred to counsel to enforce payment on the audit.

3.16  On January 9, 2020, demand was made upon Alpine Waterproofing for payment. Mr. Durbin responded to the demand for payment and was granted additional time in which to review and respond to the audit. Despite additional time granted to Alpine Waterproofing, the company has not made any payment towards the amounts owed under the audit.

3.17  As of the date of this complaint, Alpine Waterproofing owes the Masonry Trust Funds $6,273.61, consisting of $4,824.83 in fringe benefit contributions, $482.48 in liquidated damages, and $1,034.12 in accrued interest due to non-payment.

COMPLAINT FOR MONETARY DAMAGES – 7
2:20-cv-01608

BARLOW COUGHRAN
MORALES & JOSEPHSON, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

## IV. CAUSES OF ACTION

### First Cause of Action
### (Breach of Labor Agreement/Trust Agreement)

4.1 The Masonry Trust Funds reallege each and every allegation contained in ¶¶3.1 – 3.17, above.

4.2 Alpine Waterproofing's failure to pay underreported/underpaid fringe benefit contributions as set forth in the audit report constitutes a breach of the terms of the Compliance Agreement and the Master Labor Agreements between the Union and Alpine Waterproofing, to which the Masonry Trust Funds are beneficiaries. Alpine Waterproofing's failure to pay underreported/underpaid fringe benefit contributions as set forth in the audit report also constitutes a breach of the Trust Agreements, the terms of which Alpine Waterproofing agreed to when it signed the Compliance Agreement.

4.3 As a result of Alpine Waterproofing's breach, the Masonry Trust Funds have been damaged in an amount to be proven at trial, plus ancillary charges including liquidated damages, prejudgment interest, attorney fees, and costs of collection.

### Second Cause of Action
### (Violation of ERISA)

4.4 The Masonry Trust Funds reallege each and every allegation contained in ¶¶3.1 – 3.17, above.

4.5 Alpine Waterproofing's failure to report and pay fringe benefit contributions constitutes a violation of §503(a)(3), §515 ERISA, codified at 29 U.S.C. §1132(a)(3), §1145.

4.6 As a result of Alpine Waterproofing's violation, the Masonry Trust Funds have been damaged in an amount to be proven at trial, but not less than $4,824.83 plus ancillary charges including liquidated damages, prejudgment interest, attorney fees, and costs of collection.

COMPLAINT FOR MONETARY DAMAGES – 8
2:20-cv-01608

BARLOW COUGHRAN
MORALES & JOSEPHSON, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

## V. REQUESTED RELIEF

The Plaintiff Masonry Trust Funds respectfully request the Court grant the following relief:

A. Judgment against Alpine Waterproofing for past-due and delinquent fringe benefit contributions and other amounts as set forth in the audit report, and owed by defendant pursuant to the terms of the labor and trust agreements to which Alpine Waterproofing is a party:

    a. $4,824.83 in fringe benefit contributions under ERISA;

    b. $482.48 in liquidated damages; and

    c. $414.66 in accrued, prejudgment interest calculated through the date of the audit report.

B. Judgment against Alpine Waterproofing, in an amount to be determined at trial for additional prejudgment interest from the date of the audit report until judgment;

C. An award of attorney fees of not less than $5,000.00, plus costs of collection, as authorized by the labor and trust agreements to which Alpine Waterproofing is a party, and as authorized under ERISA;

D. An award of post-judgment interest at the 12% rate specified by the applicable trust agreement, and as authorized under ERISA; and

E. Any other such relief under federal law or as is just and equitable.

Dated: October 31, 2020.

s/ Jeffrey G. Maxwell
Jeffrey G. Maxwell, WSBA #33503
**Barlow Coughran Morales & Josephson, P.S.**
1325 Fourth Avenue, Suite 910
Seattle, Washington 98101
(206) 224-9900 (t)
jeffreym@bcmjlaw.com

Counsel for Plaintiffs
Masonry Trust Funds

COMPLAINT FOR MONETARY DAMAGES – 9
2:20-cv-01608

BARLOW COUGHRAN
MORALES & JOSEPHSON, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900